UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSHUA BARON | CIVIL ACTION |
| VERSUS | |
| NICOLAS CARDENAS, et al. | NO. 20-711-JWD-SDJ |

Consolidated with

| | |
|---|---|
| TRACY SEAWELL-VINCENT | CIVIL ACTION |
| VERSUS | |
| NICOLAS CARDENAS, et al. | NO. 20-712-JWD-SDJ |

## ORDER

Before the Court is a Motion titled "Nicolas Cardenas' Unopposed 12(b)(4) & 12(b)(5) Motion of Insufficiency of Process and Insufficiency of Service of Process" ("Motion") (R. Doc. 12), filed by Defendant Nicolas Cardenas ("Cardenas") on December 1, 2020. In his Motion, Cardenas alleges that he was not properly served with Plaintiff Joshua Baron's Petition for Damages because "the citation had an incorrect address for [him]."[1] He therefore seeks to have this Court "strike any record of service of process" on Cardenas.[2] No opposition to this Motion has been filed.

---

[1] R. Doc. 12 at 1.
[2] *Id.* at 2. The Court notes that while Cardenas references Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure in his Motion, he is not seeking to dismiss the action against himself; rather, he makes clear he is requesting "this court strike any record of service of process." R. Doc. 12 at 2. The Court, therefore, will treat this motion as a motion to strike rather than a motion to dismiss.

The Court first notes that, in his Motion, Cardenas does not specify exactly which documents, or portions of documents, he seeks to have struck from the record.³ Regardless, the Court also notes that, in this case, any reference to service of process upon Cardenas is merely part of the State Court record, which was required to be submitted with Defendants' Notice of Removal; at the time Cardenas filed his Motion, nothing in the record of this Court referenced service on Cardenas.

According to 28 U.S.C. § 1446, which sets forth the procedure for removal of civil actions, a removing defendant must file a notice of removal "together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). This requirement is captured in Rule I.B.4. of this Court's Administrative Procedures for Filing Electronic Documents, which mandates that "[w]hen filing a Notice of Removal, the copies of the State Court documents are to be filed electronically as attachments to the Notice of Removal." Thus, the entire State Court record prior to removal must be included with the notice of removal, and Defendants were required to include it here.

Further, 28 U.S.C. § 1448, which establishes the "process after removal," allows that "[i]n all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." *See also Gill v. Jacobs Engineering Group, Inc.*, No. 08-647, 2011 WL 3796751, at *2 (M.D. La. Aug. 26, 2011) ("when a case is removed, federal law governs, and a

---

³ For example, in his Motion, Cardenas states that "Plaintiff requested that citation be issued and service be made on Nicolas Cardenas at 1810 Clifton Street, Weslaco, Texas 78596," with evidence of same attached as Exhibit 1 to the Motion. However, Exhibit 1 to the Motion is the Petition for Damages filed in State Court by Plaintiff Tracy Sewell-Vincent and, with regard to service to Cardenas, states only "Please Hold Service."

plaintiff may cure the defects in its state court service in accordance with federal rules of procedure"). As such, assuming that any prior service attempted on Cardenas was unsuccessful, now that the case has been removed to this Court, service on Cardenas may be completed or a new process issued to him with no detriment to any party. That is the case here, where, following the filing of the instant Motion, Summons has since been issued to Cardenas (R. Docs. 15 and 16).

For the foregoing reasons, the Court cannot strike any record of service to Cardenas because it is part of the record of proceedings before a different court, the 19th Judicial District Court. However, given that this is a consent motion, the Court finds that sufficiency of process on Defendant Cardenas is not established by the State Court record.

Accordingly,

**IT IS ORDERED** that Defendant Nicolas Cardenas's Unopposed 12(b)(4) & 12(b)(5) Motion of Insufficiency of Process and Insufficiency of Service of Process (R. Doc. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that evidence of service shall be filed into the record of this case **within fourteen (14) days** of service of process on Defendant Nicolas Cardenas.

Signed in Baton Rouge, Louisiana, on January 20, 2021.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**